Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
S.H. Silver Company, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H. SILVER COMPANY, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>DAVID MORRIS INTERNATIONAL LTD.,<br><br>              Defendant. | Case No. CV 08-03550 CRB<br><br>**PLAINTIFF S.H. SILVER COMPANY, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY DAVID MORRIS INTERNATIONAL, LTD. IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS***<br><br>Date:         September 5, 2008<br>Time:        10:00 a.m.<br>Place:        Courtroom 8<br><br>Honorable Charles R. Breyer |

Case No. CV-08-03550 CRB                                                                                         DOCSSFO-12524463.1

S.H. SILVER COMPANY, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY DAVID MORRIS INTERNATIONAL, LTD. IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff S.H. Silver Company, Inc. ("SHS") hereby objects to the Declaration of Jeremy Morris (the "Morris Declaration") submitted by Defendant David Morris International, Ltd. ("DMI") in support of its Motion to Dismiss as follows:

1. SHS objects to the statements in Paragraph 16 of the Morris Declaration on the grounds that they lack foundation, are based on speculation and hearsay, and are irrelevant to the pending Motion to Dismiss. Fed. R. Evid. 401-403, 602, 801-802. For example, Mr. Morris asserts that based upon "numerous discussions with reputable laboratories," cutting the facets of a sapphire is unlikely to change the properties of the stone relevant to a certification analysis. Mr. Morris does not identify any of these "reputable laboratories" or any specific discussion, and this evidence is impermissible hearsay. SHS further objects to Mr. Morris' "estimate" that "approximately 7% of the subject sapphires were removed by cutting facets," as the statement lacks foundation and is based on speculation.

2. SHS also objects to the statements in Paragraph 17 of the Morris Declaration on the grounds that they lack foundation and personal knowledge, are based on hearsay and are irrelevant to the pending Motion to Dismiss. Fed. R. Evid. 401-403, 602, 801-802. Mr. Morris' statements concerning the contents of any certification from SSEF or any other laboratory constitute impermissible hearsay. Further, Mr. Morris fails to identify how he came to the understanding that "AGL would not certify either stone as being of Kashmir origin."

3. SHS also generally objects to Paragraphs 16-17 of the Morris Declaration on the grounds that the statements therein are irrelevant to the issues raised by the pending Motion to Dismiss. The statements made in these Paragraphs are directed at the underlying dispute between the parties and do not address the issues that are before the Court, namely, whether personal jurisdiction exists over Defendant. These statements shed no light on DMI's contacts with the State of California or the reasonableness of exercising jurisdiction over DMI. As a result, Paragraphs 16-17 of the Morris Declaration should be disregarded.

DATED: August 15, 2008.

REED SMITH LLP

By    /s/ Jonah D. Mitchell
      Jonah D. Mitchell
      Attorneys for Plaintiff S.H. Silver Company, Inc.